UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

OSCAR UMAR GONZALEZ                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 4:13CV-P123-M

DETECTIVE PALMITER *et al.*                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Oscar Umar Gonzalez, a convicted prisoner currently incarcerated in the Eastern Kentucky Correctional Complex, filed a *pro se* complaint (DN 1) under 42 U.S.C. § 1983. Thereafter, he filed a motion to supplement (DN 10). Because the motion to supplement does not contain allegations occurring after the filing of the complaint but seeks to add another claim involving the same facts as alleged in the original complaint, *see* Fed. R. Civ. P. 15, **the Court CONSTRUES the motion to supplement as a motion to amend and GRANTS the motion to amend (DN 10)**.

This matter is before the Court for initial review of the complaint and its amendment pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff sues the following six Defendants in their individual and official capacities: Daviess County Sheriff's Office Detective Palmiter; Owensboro Police Department Detective Mike Staples; Daviess Circuit Court Judge Joe W. Castlen III;[1] Michael Van Meters, a

---

[1] Plaintiff identified Judge Castlen as a district court judge. The Court takes judicial notice, however, that Judge Castlen is a circuit court judge.

prosecuting attorney in Daviess County; Laura McCain, employed by Highland Elementary School; and Department of Social Services Social Worker Tonya Hamilton.

Plaintiff first claims that on March 30, 2010, Detective Staples illegally transferred "a minor, under the age of 16, from one location to another not being a 'hospital' for an emergency, without consent from either parent[2] and improperly and illegally questioned said minor for a period over two (2) hours, without correct and legal procedures." He states that these actions violated the parents' and child's due process rights under the Fourteenth Amendment.

Similarly, regarding Detective Palmiter, Plaintiff claims that on March 30, 2010, he, too, "illegally assumed custody of a minor under the age of 16 without parental consent or proper procedure to secure the seizure by courts." Plaintiff charges Detective Palmiter "with transfering a minor under the age of 16 from one location to another, not being a 'hospital' for emergency only, thus restraining and transfering illegally in violation of the childs and parents Federally protected rights under the 14th Amendment to the U.S. Constitution."

As to Laura McCain of Highland Elementary School, Plaintiff asserts that on March 30, 2010, she "irresponsibly took charge of interrogating a minor under the age of 13," violating the due process rights of the child and parents under the Fourteenth Amendment. Plaintiff continues that McCain "proceeded to interrogate a minor as her testimony in affidavit confirms, 'without' any monitoring audio/video devices, in a coercive manner from minor by leading questions, as per her testimony in affidavit immediately after incident." Plaintiff charges McCain with

---

[2]In the amendment, Plaintiff indicates that he "never relinquished his custody and in no way abandoned his parental rights" and that the "seizure was conducted without consent of the petitioner" (DN 10). It, therefore, appears that he is the parent of the minors referenced in the complaint.

"transferring custody of minor under the age of 13, illegally and in violation of . . . [the] 14th Amendment, without warrant or 'proper' procedure."

Plaintiff charges Social Worker Hamilton with "aiding and abetting the crime of illegally holding a minor under the age of 13, illegally, without consent from parents or warrant from Judge, and with questioning minors without their parents present . . . for more than two (2) hours" in violation of the Fourteenth Amendment's Due Process Clause.

In the amendment, Plaintiff also alleges a Fourth Amendment violation by Defendants Staples, Palmiter, McCain, and Hamilton based on "their illegal seizure of minors and complicity to the act, which can be construed as a kidnap of minors . . . ."

With respect to prosecuting attorney Van Meters, Plaintiff charges him "with substantial miscarriage of justice by tampering with the jury in the trial of [Plaintiff] on Jan 17 - 20, 2010, in violation of . . . [the] 14th Amendment & 6th Amendment, and by knowingly deceiving jury as he admitted in Judges chambers in video."

Finally, as to Judge Castlen, Plaintiff charges him "with substantial miscarriage of justice which he allowed Federally protected rights under the U.S. Constitution to be violated under his authority and failed to act." He claims that Judge Castlen "knowingly allowed Michael Staples, Ms. Laura McCain, Tonya Hamilton Det. Palmiter and Mike Van Meters to submit illegally acquired, illegally obtained evidence that was used for conviction in his court."

As relief, Plaintiff seeks monetary damages in the amount of $300,000 "per year (loss income)" and punitive damages in the amount of $1,000 "per day since 3/31/11[3] date of illegal

---

[3]The Court recognizes the inconsistency in the chronology provided by Plaintiff; that is, he claims that evidence used in his January 2010 trial was allegedly obtained two months later in March 2010 and that he was illegally arrested and imprisoned a year after that in March 2011.

arrest and imprisonment." He also seeks an injunction voiding his judgment and conviction and expunging his "complete record."

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. Injunctive relief

Plaintiff asks this Court to void his state-court judgment and conviction and expunge his criminal record. He, therefore, seeks an immediate or speedier release from imprisonment. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The § 1983 claim for equitable relief, therefore, cannot lie.

### B. Judge Castlen and Prosecutor Van Meters

#### 1. Individual-capacity claims

##### a. Judge Castlen

Judge Castlen is immune from liability in his individual capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[I]mmunity is overcome in only two sets of circumstances." *Id.*

"First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity." *Id.* "Whether an action is judicial depends on the nature and function of the act, not the act itself." *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. at 13) (internal quotation marks omitted). Two factors are used to perform this functional analysis. *Id.* at 1441. Courts must first determine whether the act

5

"'is a function normally performed by a judge.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity." *Id.*

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 12. A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d at 1441. Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 355.

Plaintiff claims that Judge Castlen "knowingly allowed Michael Staples, Ms. Laura McCain, Tonya Hamilton Det. Palmiter and Mike Van Meters to submit illegally acquired, illegally obtained evidence that was used for conviction in his court." Presiding over criminal proceedings and making decisions therein are functions normally performed by a judge, and Plaintiff dealt with Judge Castlen in his judicial capacity. Therefore, the alleged wrongful acts performed by Judge Castlen were judicial in nature. Further, because Kentucky district courts (KRS §§ 24A.010 *et seq.*) and circuit courts (KRS §§ 23A.010 *et seq.*) have subject matter jurisdiction over criminal matters, Plaintiff has not shown that Judge Castlen acted "in clear absence of all jurisdiction."

For these reasons, Judge Castlen is entitled to immunity from suit in his individual capacity, and the individual-capacity claims against him will be dismissed.

### b. Prosecutor Van Meters

A prosecutor enjoys absolute immunity from § 1983 liability when he acts as an advocate for the government by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Pusey v. City of*

*Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Absolute immunity further "applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). However, "absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van De Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler*, 424 U.S. at 431 n.33).

Plaintiff's claim against Defendant Van Meters involves conduct occurring in his role as advocate for the government in connection with Plaintiff's criminal proceedings, and more particularly, with his trial. Consequently, Defendant Van Meters is entitled to absolute immunity with regard to the individual-capacity claim against him.

### 2. *Official-capacity claims*

The Court will dismiss these claims on two bases. First, Judge Castlen and Prosecutor Van Meters, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment). Second, the judge and prosecutor in their official capacities for

7

damages are not "persons" subject to suit within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim).

For these reasons, the § 1983 official-capacity claims for damages against the judge and prosecutor will be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### *C. Defendants Palmiter, Staples, McCain, and Hamilton*

Plaintiff alleges that purportedly illegal actions by Defendants Palmiter, Staples, McCain, and Hamilton occurred on March 30, 2010, when they allegedly took into their custody and interrogated a minor or minors under the ages of 16 and 13.

To the extent that Plaintiff is trying to bring a claim on behalf of the minor/minors, he is prohibited from representing the legal interests of anyone but himself. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake."). Therefore, any claims Plaintiff may be trying to bring on behalf of others will not be considered by the Court in this action.

As to Plaintiff's personal claims against Defendants Palmiter, Staples, McCain, and Hamilton, he appears to take issue with Defendants' submission into his criminal trial of the affidavit/evidence obtained during the interrogation of the minor(s). He alleges that Judge Castlen allowed these Defendants "to submit illegally acquired, illegally obtained evidence that

was used for conviction in his court." These claims are barred by the *Heck* doctrine. Under this doctrine:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate that "a state prisoner's § 1983 action is barred (absent prior invalidation) --no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff claims that the illegally acquired evidence was used for his conviction. A judgment in favor of Plaintiff with respect to this claim would necessarily demonstrate the invalidity of his conviction. Therefore, the claims against Defendants Palmiter, Staples, McCain, and Hamilton will be dismissed.

Alternatively, to the extent that any of the claims against Defendants Palmiter, Staples, McCain, and Hamilton are not barred by *Heck*, they are time-barred. In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While the dates in Plaintiff's complaint are inconsistent, the Court takes judicial notice of the Kentucky Supreme Court's docket sheet for Plaintiff's criminal case, *see* http://apps.kycourts.net/supreme/sc_dockets.shtm, which indicates that Plaintiff's original judgment in his criminal action (Daviess 11-CR-00289)

9

was entered April 11, 2012, and that his amended judgment was entered May 31, 2012. Plaintiff necessarily would have known about the allegedly illegal interrogation, at the latest, by the time of his trial and conviction. Thus, the claims involving the minor(s) are time-barred because Plaintiff did not file the current action until well over a year later on October 14, 2013, the date on which he certified the complaint was delivered to the prison mail system for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint by separate Order.

Date: April 28, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4414.005